IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

SEA C.,                                                          Case No. 3:25-cv-01257-HL

               Plaintiff,                             **OPINION AND ORDER**

     v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

               Defendant.

_____

HALLMAN, United States Magistrate Judge

     Sea C. challenges the Commissioner's denial of her supplemental security income

application, arguing the Administrative Law Judge ("ALJ") erred by failing to address and

resolve the inconsistencies between plaintiff's job-number evidence and that of the Vocational

Expert ("VE"). This Court "will disturb the denial of benefits only if the decision contains legal

error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir.

PAGE 1 – OPINION AND ORDER

2023) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). With that standard of review applied, the Commissioner's decision is reversed, and this case is remanded for further proceedings.

**(1)** *Counter Job-number Evidence at Step Five.* At step five, the Commissioner determines if there is a significant number of jobs a person with plaintiff's limitations, age, education, and experience can perform. 20 C.F.R. §§ 404.1520(a) (4), 416.920(a)(4). An ALJ may seek guidance from a VE to make that decision. *Id.* §§ 416.960(b), 416.966(e). If, as here, plaintiff disagrees with a VE's job-number evidence, plaintiff may produce counter job-number evidence to challenge the VE's conclusions. *Powley v. Bisignano*, 169 F.4th 1158, 1161 (9th Cir. 2026). If the counter evidence produced by plaintiff is "significant and probative," then the ALJ "has a duty to address and resolve the inconsistency." *Id.* (quoting *Wischmann v. Kijakazi*, 68 F.4th 498, 505 (9th Cir. 2023) (citation omitted)).

Counter job-number evidence may be probative if it "was produced using a data source and methodology frequently relied on by the SSA." *White v. Kijakazi*, 44 F.4th 828, 836-37 (9th Cir. 2022); *Powley*, 169 F.4th at 1167. If the counter job-number evidence is probative, the analysis proceeds to determine whether the evidence is significant. *Powley*, 169 F.4th at 1169. Significance is determined by examining the "measure of the discrepancy between the VE's estimates (upon which the ALJ relied to render the step-five finding) and the claimant's estimates." *Wischmann*, 68 F.4th at 505 (citing *Buck v. Berryhill*, 869 F.3d 1040 (9th Cir. 2017); *White*, 44 F.4th 828).

Here, plaintiff used the same data sources and methodology—SkillTRAN and Job Browser Pro using data from the Bureau of Labor Statistics—that the Ninth Circuit held was a

PAGE 2 – OPINION AND ORDER

"data source and methodology frequently relied on by the SSA." Tr. 304-26; *White*, 44 F. 4th at 836-37; *see Powley*, 169 F.4th at 1163 n.1 (again confirming that "SkillTRAN, and its 'flagship program,' Job Browser Pro, is a reliable source used by VEs and the SSA in estimating the number of relevant jobs in the national economy.") (citations omitted)). Because plaintiff showed how her evidence was generated by SkillTRAN, explained the method used by SkillTRAN to produce specific data related to the Dictionary of Occupational Titles ("DOT"), and because plaintiff did not concede her figures may be inaccurate or use her own self-created equation to calculate job numbers, plaintiff's evidence is probative. Tr. 304-326, *see Powley*, 169 F.4th at 1167-69.

The Commissioner argues plaintiff's evidence is not probative because plaintiff did not use an expert to prepare her job estimates, replicate the VE's methodology, or interpret Job Brower Pro's raw data. Def. Brief, 3-8, ECF 10. Those arguments are unavailing. A plaintiff need not use an expert nor mimic a VE's methodology to satisfy the "probative" prong of the "significant and probative" analysis. *Powley*, 169 F.4th at 1167-69. And "whether a claimant replicates a VE's methodology or pulls from the same sources are relevant factors [courts] may consider in [their] probative analysis, but they are not dispositive." *Id*. at 1167-68. Moreover, plaintiff sufficiently interpreted and explained her counter job-number evidence. Tr. 304-06, 316-26. The Commissioner cites *Wischmann,* Def. Brief at 6, to argue plaintiff provided information "not comprehensible to a lay person" and like the plaintiff in that case, failed to "provide the interpretation necessary to make the pages meaningful to a court." 68 F.4th at 507. That rationale is unavailing in this case because, unlike in *Wischmann*, plaintiff explained how the data was gathered, referenced the data gathered in her letter, and sufficiently interpreted and

PAGE 3 – OPINION AND ORDER

explained the meaning of the data. *Compare* tr. 304-06, 316-26, *with Wischmann*, 68 F.4th at 506-07.

Because plaintiff's counter evidence is probative, its significance is evaluated. *Powley*, 169 F.4th at 1169. Here, the VE testified plaintiff was capable of working as a document preparer, (DOT number 249.587-018), final assembler (DOT number 713.687-018), and semi-conductor bonder (DOT number 726.685-066). Tr. 51. The VE testified there were, respectively, 52,000, 12,000, and 13,000 of those jobs in the national economy. *Id.* Plaintiff submitted counter job-number evidence stating there were, respectively, 14,169, 68, and 13 of those jobs in the national economy. Tr. 306, 321-26. Plaintiff used the same DOT specific numbers as the VE. *Compare id.*, *with* Tr. 51. Those differences are significant. *See Powley*, 169 F.4th at 1169 (holding similar differences *e.g.* 39,425 positions versus 27 positions, 14,700 positions versus 19 positions, and 24,700 positions versus zero positions were significant); *see also White*, 44 F.4th at 837 (holding plaintiff's counter evidence—2,957 table worker, 0 assembler, and 1,333 film touch-up inspector jobs versus the VE testimony of "72,000, 65,000, and 32,000 jobs, respectively, in these same occupations"—was significant).

The ALJ did not address, resolve, or acknowledge plaintiff's counter evidence. *See* tr. 30-31. Because plaintiff's evidence is significant and probative, the ALJ erred by not addressing and resolving the inconsistencies between the job-number estimates provided by the VE and by plaintiff. *See White*, 44 F.4th at 837; *see also Powley*, 169 F.4th at 1169.

**(2)    *Remedy.*** Plaintiff asserts that this case should be remanded for future proceedings. Pl. Brief, ECF Br. 8, ECF 9. This Court agrees. Upon remand, the ALJ must address and resolve the discrepancies and inconsistencies between the VE's testimony and plaintiff's counter job-number

PAGE 4 – OPINION AND ORDER

evidence. *See White*, 44 F.4th at 837 ("Applying *Buck*, we hold that remand is appropriate to allow the ALJ to address the evidence and to resolve the inconsistency between the job-number estimates provided by White and by the VE.")

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court REVERSES and REMANDS for further proceedings.

IT IS SO ORDERED.

DATED this 6th day of August, 2026.

ANDREW HALLMAN
United States Magistrate Judge

PAGE 5 – OPINION AND ORDER